IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY R. MCCLAIN, | ) | CASE NO. 3:16CV554 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| FCI ELKTON, *et al*., | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

On March 7, 2016, pro se Petitioner McClain filed a federal habeas petition pursuant to 28 U.S.C. § 2241.  Doc. 1.  McClain, at all relevant times a federal prisoner at FCI Elkton, alleged that his release date and "more appropriate placement in a camp environment" was "divested" when Respondents, FCI Elkton and its Warden, charged him with personally possessing marijuana, despite the fact that the drugs were found in a common area of the prison and he did not test positive for marijuana.  Doc. 1, p. 1, Doc. 9, p. 1.  He requested that the Court reverse Respondents' findings and re-instate his good time credits and "further relief warranted under the totality of the circumstances be granted [him] as 'appropriate' **OR** that to nullify the effects of the egregious accusations that he be found appropriate for and designated to camp with reinstatement of his good time credits to nullify the adverse effects of the records errors made against him."  Doc.1, p. 4.

On June 10, 2016, Respondents filed a Suggestion of Mootness explaining that McClain's good time credits have been restored and his disciplinary record expunged.  Doc. 9. As a result, Respondents assert, McClain's Petition is moot.  *Id*.

McClain responded to Respondents' Suggestion of Mootness.  Doc. 14.  He asserts, "the other side has provided some relief laying a part of the matter to rest."  *Id*. p. 1.  He submits that

1

several things must be considered, however, including the following: he is still at FCI Elkton and has not been re-designated to a camp yet and that the humiliation he suffered and the time he was forced to spend at FCI Elkton cannot be undone. *Id*. He states that he "finds it commendable that the FCI ELKTON and BOP finally did the right thing, however he feels it only fair if he be offered monetary remuneration as a Good Faith olive branch considering how he was treated, the money he had to put out and stress upon he and his family from being placed in solitary confinement, and the like." *Id*. He seeks "insurance information so that he may lay claims and discern the Insurer[']s good cause for disobedience to fair claims settlement practices requirements as to [his] claims laid." *Id*. p. 2. He ultimately requests $7,500 in damages. *Id*.

Respondents filed a reply. Doc. 15. They maintain that McClain's Petition is moot because the discipline that McClain challenged has been expunged from his record and his good time credits restored (Doc. 15, p. 1), as McClain himself concedes (Doc. 14, p. 1). They also argue that McClain's new assertions, which are in the nature of tort claims, are not permitted to be brought in a federal habeas petition and, therefore, must be dismissed without prejudice. Doc. 15, p. 2.

The undersigned agrees. The discipline McClain challenged has been expunged from his record and his good time credits have been restored. *See* Doc. 10-1, pp. 1-2, ¶¶ 2-4 (Declaration of Marisa Nash, an Attorney at the Federal Detention Center, explaining that McClain's 40 days of good time credit has been restored and his record expunged). McClain concedes that Respondents provided "some relief" and does not dispute that his good time credits have been restored and his record expunged. Doc. 14. Accordingly, his requested relief—that his record be expunged and his good time credits restored—has been provided by Respondents and the claims in his Petition are, therefore, moot. *See Adames v. Quintana*, 2012 WL 182733, at *2 (E.D.Ky. Jan. 17, 2013) (habeas petition brought under § 2241 is rendered moot when the respondent

2

expunged the petitioner's disciplinary conviction from the record and restored good time credits).

Although McClain now seeks monetary relief due to the humiliation he suffered as a result of the incident, such a request describes a tort claim and is not properly brought in a § 2241 habeas petition.  *See* *Sullivan v. U.S.*, 90 Fed. App'x 862, 863 (6th Cir. Jan. 30, 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits[,]" citing *Cohen v. U.S.*, 593 F.2d 766, 770–71 (6th Cir. 1979); *Lee v. Young*, 43 Fed. App'x 788 (6th Cir. 2002)).  Thus, McClain's claims that do not challenge the computation of his good time credits should be dismissed without prejudice subject to him refiling a non-habeas claim.  *See* *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (Section 1983 claims asserted in habeas petition should be dismissed without prejudice when erroneously brought in § 2254 action). *Smith v. Zuercher*, 2009 WL 499112, at *3 (E.D.Ky. Feb. 27, 2009) (Federal Tort Claims Act claims are not properly brought in a § 2241 petition because they do not affect the length or duration of a federal sentence).

Accordingly, the undersigned:

(1) recommends that the claims in McClain's Petition challenging his sentence and requesting that his disciplinary record be expunged and his good time credits restored be found moot and **DENIED with prejudice**;

(2) recommends that the claims in McClain's Petition requesting all other relief be **DENIED without prejudice**; and

3

(3) **DENIES** McClain's Motion for Expedited Processing and Setting for Trial (Doc. 3),

Motion to Compel Discovery Compliance and/or Supplemental Answers and For Sanctions

(Doc. 9), and Motion for Ruling (Doc. 16).


IT IS SO ORDERED.


Dated: July 26, 2016

Kathleen B. Burke
United States Magistrate Judge